IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:18-CR-168 |
| vs. | |
| IAN BEALS, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant has filed a motion for variance (filing 25). The defendant has also objected (filing 25) to the PSR.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the use of $1,331.00 in currency to determine the drug quantity for which he is responsible. Filing 25 at 1; filing 26 at 9. The Court is authorized under the Guidelines to convert seized money into a quantity of drugs, in order to accurately reflect the scale of drug trafficking activity. *United States v. King*, 518 F.3d 571, 575 (8th Cir. 2008). But the government must show, by a preponderance of the evidence, that the seized money derived from drug sales. *See id.*; *United States v. Echols*, 2 F.3d 849, 850 (8th Cir. 1993). The Court will resolve this based on the evidence adduced at sentencing.

The defendant also objects to the assessment of one criminal history point in paragraph 42 of the PSR for a prior conviction for resisting arrest, unauthorized use of a propelled vehicle, and theft

by unlawful taking (*i.e.,* the "joyriding conviction"). Filing 25 at 5; 26 at 2. Specifically, the defendant argues that his "joyriding" conviction is similar to a conviction for trespassing or driving without a license—two offenses excluded under U.S.S.G. § 4A1.2(c)(1). As such, the defendant claims that his criminal history category should be II rather than III. Filing 26 at 2; PSR at 10.

Under U.S.S.G. § 4A1.2(c)(1), misdemeanors count for purposes of determining criminal history unless they are "similar to" the offenses listed in U.S.S.G. § 4A1.2(c)(1). To determine whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct. U.S.S.G. § 4A1.2, comment. n. 12(a).

As a general matter, it is the government's burden to show whatever facts are needed to justify the assessment of criminal history points. *See United States v. Randall,* 472 F.3d 763, 766 (10th Cir. 2006); *United States v. DiPina,* 178 F.3d 68, 75 (1st Cir. 1999); *cf. United States v. Stapleton,* 316 F.3d 754, 756 (8th Cir. 2003); *United States v. Early,* 77 F.3d 242, 245 (8th Cir. 1996). The Court notes, however, that unauthorized use/theft of a vehicle is not similar to the offenses listed in U.S.S.G. § 4A1.2(c)(1). *See*

*United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000); *United States v. Ziglin*, 964 F.2d 756, 758 (8th Cir. 1992). Nevertheless, the Court will resolve this issue at sentencing.

Finally, the defendant suggests that the Court should vary from the Sentencing Guidelines for methamphetamine offenses based on policy grounds. Filing 25 at 2; filing 26 at 9. The Court is aware of its authority to do so. *See Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Abraham*, 944 F. Supp. 2d 723, 727-28 (D. Neb. 2013). However, the Court is not persuaded that rejection of the methamphetamine guideline is warranted. *See United States v. Garcia*, No. 4:13-CR-3130, 2016 WL 6471107, at *4 (D. Neb. Oct. 31, 2016); *United States v. Munoz-Ramon*, No. 8:13-CR-244 (D. Neb. filed Sept. 17 and Nov. 24, 2014), *aff'd*, 614 F. App'x 857 (8th Cir.), *cert. denied*, 136 S. Ct. 700 (2015). The Court will not vary from the guidelines on that basis.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the

local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of November, 2018.

BY THE COURT:

John M. Gerrard
Chief United States District Judge